IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERAKI, INC., | No. C 13-145 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE SUR-REPLY** |
| v. | |
| CLEARPATH NETWORKS, INC., | |
| Defendant. | |

Defendant's motion to dismiss is scheduled for a hearing on May 17, 2013. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. For the reasons set forth below, the Court DENIES the motion. The case management conference scheduled for May 17, 2013 at 2:30 p.m. remains on calendar.

**BACKGROUND**

Plaintiff Meraki Inc. filed this declaratory judgment suit on January 10, 2013. The complaint seeks a declaration of noninfringement and invalidity of three patents owned by defendant ClearPath Networks.[1] All three patents are titled "Systems and Methods for Managing a Network." According to ClearPath, the patents cover "a novel method for activation and delivery of computer network configurations, and for remote monitoring and management of such systems from the cloud." ClearPath Compl. ¶ 4 (Gaut Decl. Ex. E). On January 14, 2013, ClearPath filed a separate lawsuit in the Central

---

[1] The patents-in-suit are United States Patent Nos. 7,783,800 ("the '800 patent); 8,078,777 ("the '777 patent"); and 8,341,317 ("the '317 patent")

District of California against Meraki and Cisco[2] alleging infringement of ClearPath's patents. The Central District litigation is stayed pursuant to the stipulation of the parties pending this Court's resolution of ClearPath's motion to dismiss, and ClearPath has stated that if this Court denies the motion to dismiss, ClearPath will dismiss the Central District action and assert its infringement claims in this lawsuit. Shanberg Decl. ¶ 4, Ex. 1.

The lawsuits were filed after settlement negotiations between the parties fell apart. Those negotiations began when ClearPath's counsel wrote Meraki's CEO a letter dated November 28, 2012, stating that Meraki was infringing ClearPath's patents and that, if some other resolution was not reached, ClearPath would have to "pursue legal proceedings or file a complaint in federal court." Gaut Decl., Ex. A at 2. The letter requested that Meraki respond on or before December 5, 2012, in order to avoid legal proceedings. *Id*. On November 28, 2012, ClearPath's CEO Cliff Young also wrote to Cisco asserting that ClearPath's "patented technology is being pervasively infringed upon by the core Meraki platform" and that "[t]he methods used and capabilities offered are identical in many respects to how we have done it since 2003." Compl. ¶ 12.

Meraki contacted ClearPath before December 5, 2012, and the parties had an in-person meeting at the offices of Meraki's counsel in San Francisco on December 20, 2012. Gaut Decl. ¶ 7. At that meeting, ClearPath informed Meraki that it had drafted a complaint but that it preferred to resolve ClearPath's claims short of litigation. *Id*. ¶ 8. ClearPath also agreed to make a settlement proposal by January 2, 2013. *Id*. ¶ 9. ClearPath's counsel states in his declaration that the parties agreed that Meraki would respond by January 11, 2013, and that "[b]ased on that agreement, ClearPath agreed to refrain from filing immediate suit." *Id*. Meraki's attorney has filed a declaration stating that "ClearPath never proposed a stand-still agreement, nor did it share a draft complaint or indicate the Court in which it would sue," and that "ClearPath at no point said it would file on January 11 if Meraki did not accept its demand." Shanberg Decl. ¶¶ 2-3.

ClearPath sent Meraki a settlement proposal on January 2, 2013. On January 10, 2013, Meraki's

---

[2] On November 18, 2012, Cisco Systems, Inc. ("Cisco") announced its intention to acquire Meraki for approximately $1.2 billion. Compl. ¶ 4. On December 20, 2012, Cisco's acquisition of Meraki was completed, and Meraki is now a wholly-owned subsidiary of Cisco. *Id*.

2

counsel sent ClearPath's counsel an email stating that "[w]e do not believe that Meraki is using ClearPath's technology and believe that the patents are invalid. Further, ClearPath's demands vastly exceed the value, if any, of the asserted patents. Accordingly, Meraki does not accept your proposal and declines to make a counteroffer." Gaut Decl. Ex. D. Meraki filed this lawsuit that same day.

## **DISCUSSION**

ClearPath contends that this lawsuit is an improper anticipatory declaratory relief action, and moves to dismiss this case in favor of allowing the Central District infringement action to proceed. The Federal Circuit has held that "[t]he general rule favors the forum of the first-filed action, whether or not it is a declaratory judgment action." *Micron Technology, Inc. v. Mosaid Technologies, Inc*., 518 F.3d 897, 904 (Fed. Cir. 2008). "The trial courts have discretion to make exceptions to this general rule in the interest of justice or expediency, as in any issue of choice of forum." *Id*. "A district court may consider a party's intention to preempt another's infringement suit when ruling on the dismissal of a declaratory action, but that consideration is merely one factor in the analysis." *Id*. "Other factors include the convenience and availability of witnesses, the absence of jurisdiction over all necessary or desirable parties, and the possibility of consolidation with related litigation." *Id*.

The Court concludes that while the record indicates that this declaratory judgment action was anticipatory, on balance, convenience and availability of witnesses weigh against dismissing this case. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc*., 566 F.3d 1338, 1345 (Fed. Cir. 2009). According to the declaration of Sean Patrick Butler, Meraki's corporate counsel, Meraki has approximately 275 employees working in San Francisco, and Meraki's teams responsible for research, design and development for all of Meraki's products have been and are located at Meraki's headquarters in San Francisco. Butler Decl. ¶¶ 4-5. Mr. Butler also states that Meraki's business documents and records relating to the research, design and development of all of its products are physically present or electronically accessible in San Francisco. *Id*. ¶ 7. In contrast, Meraki does not have an office in the Central District, although there are three regional salespeople who work out of their homes and sell

Meraki products in that district. *Id.* ¶ 9. Mr. Butler states that none of these salespeople have any unique information regarding the subject matter of this lawsuit. *Id.* Mr. Butler also states that "[t]here are no foreseeable documents, electronically stored information, or tangible things, physically present in the Central District of California, nor are there any relevant Meraki witnesses present in the Central District of California." *Id.* ¶ 10.

ClearPath asserts that the Central District is more convenient because Meraki's suit seeks a declaration of invalidity due to prior art or sales that preceded the patent applications by more than a year, and "[e]ach of these defenses will obviously turn on details about how and when the inventors conceptualized and reduced the inventions to practice, and when and how ClearPath first offered the inventions for sale." Reply at 4:17-5:1. ClearPath has submitted the declaration of its CEO, Cliff Young, who states that the listed inventors of the patents-in-suit are himself and Robert Staats, that he and Mr. Staats "would be the primary witnesses concerning the conception and reduction to practice of the inventions," and that they both live in the Central District. Young Decl. ¶ 5. Mr. Young also states that ClearPath's only office is in El Segundo, California, and that "[a]ll of the documents and records concerning the conception and reduction to practice of the inventions at issue are located in the Central District, where the inventors reside and ClearPath has its only offices." *Id.* Mr. Young also states that to the best of his knowledge, "the primary witnesses having knowledge about when ClearPath first used or offered for sale products and services covered by the at-issue patents are largely in the Central District." *Id.* ¶ 6.

While the Court does not discount the fact that some discovery will come from the Central District, the Court cannot conclude that the Central District is more convenient than the Northern District. In addition to the discovery related to alleged infringement, which is primarily located in the Northern District, Meraki has identified two prior art patents naming inventors located in the Northern District and not subject to jurisdiction in the Central District. Compl. ¶¶ 21, 29, 37. In light of the fact that the Federal Circuit has instructed that "[t]he first-filed action is preferred, even if it is declaratory, 'unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise,'" the Court concludes on this record that this declaratory relief action should proceed in this Court. *Serco Services Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995).

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion to dismiss. Docket No. 19.

**IT IS SO ORDERED.**

Dated: May 14, 2013

SUSAN ILLSTON
United States District Judge